944 F.2d 910
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard WARNER, Plaintiff-Appellant,
v.
SOCIAL SECURITY ADMINISTRATION, Defendant-Appellee.
 No. 90-55511.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 9, 1991.*
Decided Sept. 24, 1991.
 
 1
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard Warner appeals the dismissal of his action against the Social Security Administration for failure to state a claim. He also appeals the grant of the defendant's motion to set aside a default judgment. We have jurisdiction of the timely appeal. 28 U.S.C. § 1291.
 
 
 4
 Warner stated in his certificate of service that he personally served his amended complaint on the defendant's attorney. However, he later admitted that, after several attempts, he was not able to meet with her, but left it where she worked. The attorney testifies that she never received the complaint. The decision to set aside a default motion is committed to the discretion of the district court. Cassidy v. Tenorio, 856 F.2d 1412, 1415 (9th Cir.1988). We find no abuse of discretion in the court's decision to set aside the default judgment.
 
 
 5
 Warner twice attempted to amend his complaint in this action. His original complaint asserted that his Social Security Supplemental Income was denied in violation of Rule 2122 of the Social Security Administration Rules and Regulations. However, he did not explain in what manner the rule was violated. He also asserted that he was "denied a proper hearing under the laws of due process," but gave no alleged facts or further explanation. The district court dismissed the complaint with leave to amend.
 
 
 6
 Warner's first amended complaint asserted that the problem language in Rule 2122 had since been changed by the Social Security Administration, apparently eliminating Warner's argument about it. Nevertheless, he persisted in his suit, seeking damages for the expense and trauma of having to sue over the old language, and alleging civil fraud in concealing the change from him. Again, the district court dismissed with leave to amend.
 
 
 7
 His second amended complaint essentially alleges that the government stole his idea for a change in the language of Rule 2122 in violation of common law copyright laws. However, even if Warner's suit contributed to the clarification of the rule's language, his idea is not intellectual property protectible by the copyright laws. He alleges, again without further explanation, that the denial of due process led to the loss of his home property.
 
 
 8
 We AFFIRM the dismissal of Warner's complaint for failure to state a claim.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3